GEORGE RAYMOND'S EX'R *v.* J. V. FROMAN.

**Real Estate Conveyance—Bond—Warranty—Assignment of Bond.**

    Persons executing a bond to convey real estate, containing a warranty that the land described therein contains 300 acres, are bound to make good a deficiency in the acreage of the land sold.

**Assignment of Bond.**

    One who assigns a bond in which there is contained a warranty that the land described contains a designated number of acres, and thereafter joins with the assignee in a warranty deed and receives a part of the purchase price, is liable for a deficiency in acreage named in the bond and deed.

APPEAL FROM BULLITT CIRCUIT COURT.

September 20, 1874.

OPINION BY JUDGE PRYOR:

We perceive no reason for any complaint by Raymond's personal representative on account of the judgment in this case. Raymond had represented the land by his bond to Myers as containing three hundred acres, and this bond had been assigned to Briscoe, the latter having sold the land to the appellee. It is true that Froman had no cause of action against Raymond by reason of his bond to Myers, and if this was the only ground of responsibility on the part of the appellant, no recovery could be had. But Raymond united with Briscoe, who was the assignee of the bond, the former having executed to Myers in a deed to the appellee, in which it is recited that the terms of the bond were "that the tract contains three hundred acres or over;" and in consideration of one thousand sixty-three dollars and ninety-five cents, paid to Raymond, the two, Raymond and Briscoe, conveyed the land to Froman. There is not only the representation as to quantity contained in the deed, but the consideration is paid by the purchaser to Raymond, the vendee of Myers. If Raymond had only united in the deed with Briscoe so as to pass the legal title without binding himself by any covenant and without any consideration, no liability would exist; but here he united in the representation made as to the number of acres, also in the warranty of title, and receives the purchase money; and his liability for the deficit scarcely admits of controversy.

The judgment is *affirmed.*
*A. H. Field, for appellant.*
*Thompson, for appellee.*